IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                   CRIMINAL ACTION NO. 2:08-cr-00169

KEVIN LEE LEWIS,

           Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

On November 2, 2014, the United States Sentencing Guidelines were amended to reduce the guidelines in Section 2D1.1 by two levels for most drug offenses. (U.S.S.G. Amendment 782, Appx. C). Section 1B1.10 gives retroactive effect to these reductions and sets an effective date of November 1, 2015, for retroactively reduced sentences. On December 10, 2015, the Court entered an *Order* (Document 87), appointing the Federal Public Defender to represent the Defendant and directing the parties to respond with their positions respecting application of Amendment 782 to the Defendant's case.

The Court has received and considered the Defendant's *Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2)* (Document 84), the original Presentence Investigation Report (PSR), the original Judgment and Commitment Order and Statement of Reasons, the plea agreement, and the addendum to the PSR from the Probation Officer prepared for the current amendment to the Guidelines. The Court has also reviewed the addendum to the PSR prepared for the 2011 crack-cocaine amendment and the Court's *Memorandum Opinion and Judgment Order* (Document 78)

reducing the Defendant's sentence pursuant to that amendment. In addition, the Court has reviewed the responses from the United States (Document 89) and the Defendant (Documents 90, 91), submitted pursuant to the Court's *Order* (Document 87). The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

On October 10, 2008, the Defendant pled guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count One), and of carrying firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two). The PSR attributed a total of 208.5 grams of cocaine base to the Defendant, which then corresponded to a base offense level of thirty-two (32). He received a three-level reduction for acceptance of responsibility, resulting in a total offense level of twenty-nine (29). His criminal history category was one. His original guideline range was 87 to 108 months as to Count One. However, the sentencing court determined that the Guidelines' imposition of a 100 to 1 quantity ratio of crack cocaine to powder cocaine was unjust and instead applied a 20 to 1 ratio. As a result, the sentencing court calculated a base offense level of thirty (30) and total offense level of twenty-seven (27). His advisory guideline range was 70 to 87 months. The Court imposed a sentence of 87 months as to Count One. The Defendant was also sentenced to a consecutive 60 month term of imprisonment as to Count Two. That sentence remains in place.

In 2011, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended, resulting in reductions to the guidelines in Section 2D1.1 for cocaine base. The Court re-calculated the Defendant's guideline range pursuant to the 2011 amendment, resulting in a total offense level of twenty-seven (27) and a guideline range of 70 to 87 months.[1]

---

1 This was also the range used by the original sentencing court after reducing the crack cocaine to powder cocaine ratio.

On August 1, 2012, the Court ordered that the Defendant's sentence be reduced to eighty (80) months as to Count One.

Applying the 2014 amendments to the United States Sentencing Guidelines, the Defendant's total offense level is twenty-five (25), for a custody range of 57 to 71 months. He is, therefore, eligible for a sentencing reduction.

As noted both during his original sentencing and in the Court's 2012 order reducing his sentence pursuant to the 2011 amendments, the Defendant did not adjust well to incarceration and incurred numerous infractions in the first months and years of his imprisonment. He has received no disciplinary sanctions since 2010. The Defendant obtained his GED in January, 2014, and completed numerous educational and vocational training programs since that time. He completed short drug education programs and a 12-step group, but declined to participate in the residential drug treatment program in May, 2015.

The United States does not object to the amended guideline calculations, and recommends that the Defendant's sentence as to Count One be reduced from 80 months to 71 months, the top of the amended Guideline range. The Defendant argues that his sentence as to Count One should be reduced to 57 months, the bottom of the amended Guideline range.

Having considered the Defendant's original and amended guideline ranges, the original sentencing materials, the addendum prepared for the 2011 Guidelines amendment and the previous sentence reduction, the updated addendum to the PSR, and the parties' responses, the Court **ORDERS** that the Defendant's base offense level be reduced by two additional levels, to 28. After consideration of a three-level decrease for acceptance of responsibility, the Defendant's new total offense level is **twenty-five (25)**. Given his criminal history category of **I**, a revised guideline imprisonment range of **57 to 71 months** is established.

Wherefore, having given consideration to the fact that this was the Defendant's first conviction and first term of incarceration, as well as his improved behavior in prison and efforts at taking advantage of educational programs, the Court **ORDERS** that the *Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2)* (Document 84) be **GRANTED** and that the Defendant's sentence as to Count One be **REDUCED** to **71 (seventy-one) months**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: February 5, 2016

*/s/ Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA